## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 11-230(1) (DWF)

                Plaintiff,

v.                                                              **MEMORANDUM**
                                                         **OPINION AND ORDER**

Gregory Lamont Hopkins,

                Defendant.

---

Andrew H. Mohring, Office of the Federal Defender, counsel for Defendant.

Andrew S. Dunne, James S. Alexander, and Jeffrey S. Paulsen, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is before the Court on Defendant Gregory Lamont Hopkins's ("Hopkins") motion for compassionate release in light of the COVID-19 pandemic.[1] (Doc. No. 473 ("Motion").)  The United States of America (the "Government") opposes Hopkins's Motion.  (Doc. No. 482.)  The Court is also in receipt of letters from the mother of Hopkins's children in support of his release.  (Doc. No. 464, 472.)  For the reasons discussed below, the Court respectfully denies Hopkins's Motion.

---

[1]     On May 14, 2020, Hopkins filed a *pro se* motion for compassionate release with this Court.  (Doc. 461.)  On June 11, 2020, this Court appointed counsel and requested briefing.  (Doc. Nos. 469-70.)

## BACKGROUND

On December 9, 2011, Hopkins pled guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Doc. Nos. 229; 230.)

On July 12, 2012, this Court sentenced Hopkins to 162 months imprisonment followed by ten-year term of supervised release.[2] (Doc. Nos. 315, 317.) Hopkins is now incarcerated at Forrest City Low FCI in Arkansas. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed July 7, 2020). According to the Bureau of Prisons ("BOP"), Hopkins's release date is March 15, 2023. *Id.* While incarcerated, Hopkins has received three disciplinary sanctions including those for possessing a hazardous tool, possessing a non-hazardous tool, and possessing an unauthorized item.[3] (Doc. No. 471 at 2.)

Hopkins now moves for release pursuant to 18 U.S.C. § 3582(c) on the grounds that he "suffers from serious and diagnosed medical conditions, including high blood pressure, obesity, and respiratory ailments" that "make him particularly vulnerable to serious complications and death should he contract [COVID-19]."[4] (Doc. Nos. 474 ("Def. Memo.") at 2; *see also* Doc. Nos. 476 ("Medical Records"); 483 ("Reply") at 4-9.)

---

[2]     Hopkins's guideline sentence was 362-327 months; however, the Court granted a downward departure. (Doc. No. 318.)

[3]     The most recent infraction was on July 25, 2019. (Doc. No. 471 at 1.)

[4]     Hopkins's respiratory ailments include a history of asthma, chronic sinusitis, and bronchospasms. (Def. Memo. at 3; Reply at 8-9; *see also* Medical Records.)

Hopkins argues further that "Forrest City Low FCI has been and continues to be ravaged by the COVID-19 pandemic, and all who live and work at the facility are at risk of contracting the virus."[5]   (Def. Memo. at 2).  He argues that with 149 inmates and one staff member having tested positive for COVID-19, and a total of 550 inmates and 3 staff members having recovered, Forrest City Low FCI is one of the most dangerous BOP facilities.[6]   (*Id.* at 8-9.)

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term

---

[5]     Hopkins asserts that "compliance with the recommended physical and social distancing practices is simply not possible in prison environments."  (Def. Memo. at 4-5.)

[6]     These numbers reflect those cited in Hopkins's memorandum; not those current at the time of this Order.  (*See* Def. Memo. at 8-9.)  Hopkins asserts that as of June 18, 2020, Forrest City Low FCI had the second highest total for confirmed active cases of COVID-19 among all federal prisons.  (*Id.* at 9.)  At the time of this Order, 27 inmates and one staff person were positive for COVID-19, and 656 inmates and 3 staff persons had recovered.  *See* Federal Burau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last accessed July 7, 2020).

of imprisonment after considering § 3553(a) factors if it finds that: (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[7]  USSG § 1B1.13 ("Statement").  The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[8]  *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on

---

[7]     While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

[8]     The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia.  (Statement.)

the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[9]  *Id.*

The record reflects that Hopkins requested compassionate release from the warden at Forrest City Low FCI on April 27, 2020, and that he request was denied 1 day later. (Doc. No. 461-3.)  He applied and was denied again on April 30, 2020.  (*Id.*)  More than 30 days have now lapsed since he submitted a second request to his warden. Accordingly, the Court finds that Hopkins's Motion is properly before the Court.

After a careful review of Hopkins's Motion, supporting memoranda, and Medical Records, the Court finds that Hopkins's circumstances do not meet the demanding standard for compassionate release.  Specifically, the Court finds that Hopkins's medical conditions are insufficiently extraordinary or compelling to warrant immediate release.

While the Court recognizes that Hopkins's blood pressure was 149/88 on June 13, 2019, his Medical Records indicate that he was able to reduce it to 132/72 by August 13, 2019 in part through reducing his sodium intake.  (*See* Medical Records at 9,10, 30.)  As of August 21, 2019, Hopkins's Medical Records indicate that his"[Blood Pressure] readings [are] good on a low sodium diet.  No further intervention needed."[10]  (Medical

---

[9]     While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

[10]     The Court recognizes that suffering from hypertension or high blood pressure may increase the severity of COVID-19 if contracted.  *See* CDC, Evidence used to update the

Records at 9.)  While Hopkins's most recent blood pressure reading is borderline high according to one of the CDC benchmarks, the record reflects that he has been largely able to control it through diet, and that his medical team no longer perceives it as a major concern.  Accordingly, the Court finds that Hopkins's blood pressure is an insufficiently extraordinary or compelling reason to warrant immediate release.

The Court also notes that Hopkins's most recent asthma attack was in 2004, and that his Medical Records reflect that the condition as "resolved"  (Medical Records at 12, 14.)  Even combined with chronic sinusitis, the Court finds that a history of asthma with no attack in nearly two decades is an insufficiently extraordinary or compelling medical condition to warrant release.  Further, Hopkins's most recent body mass index measurement ("BMI") is from July 12, 2019.  (*Id.* at 5.)  While his BMI was 36.6 at that time, the Court declines to speculate on his current BMI, nearly one year later and after Hopkins changed his diet to lessen to blood pressure.[11]  (*Id.*)

---

list of underlying medical conditions that increase a person's risk of severe illness from COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last accessed July 7, 2020).  The Centers for Disease Control and Prevention ("CDC") further provides that a person does not typically suffer from hypertension unless their blood pressure is consistently at least 130/80 mm HG or higher, with some practitioners requiring consistent readings of at least 140/90 mm HG or higher.  *See* CDC, High Blood Pressure Symptoms and Causes, https://www.cdc.gov/bloodpressure/about.htm (last accessed July 7, 2020.)

[11]     According to the CDC, a person with a BMI of 30 or higher is at increased risk for severe illness from COVID-19.  *See* CDC, People of Any Age with Underlying Medical Conditions *revised* June 25, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2

The Court understands Hopkins concern with respect to increased risk of contracting COVID-19 in a prison setting, and particularly at Forrest City Low FCI where he contends that complying with the recommended physical and social distancing practices is not possible, and that COVID-19 has already taken hold.  Notwithstanding, the Court notes that no one at Forrest City Low FCI has died from the virus, indicating that despite its high infection rate, the facility has been effective at treating the virus. (*See* Federal Burau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last accessed July 7, 2020).  The Court also notes that the BOP is doing everything within its control to mitigate its spread.[12]

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Hopkins's concerns, the Court finds that the circumstances do not present an

---

F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed July 7, 2020).

[12]    Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system."  *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last accessed July 7, 2020).  Those steps include a limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates.  (*Id.*)  Current measures also include a 14-day isolation period, and limited group gatherings.  *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan Phase V, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp (last accessed July 7, 2020).

extraordinary and compelling reason to warrant release.[13]  Accordingly, the Court respectfully denies Hopkins's Motion.[14]

## CONCLUSION

For the reasons set forth above, the Court finds that Hopkins is ineligible for compassionate release because he does not present an extraordinary and compelling reason to warrant release.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Gregory Lamont Hopkins's Motion for Release (Doc. Nos. [461], [473]) is respectfully **DENIED**.

Date:  July 8, 2020                                         s/Donovan W. Frank
                                                           DONOVAN W. FRANK
                                                           United States District Judge

---

[13]    While the issue is not before the Court, the BOP has the discretion to transfer an inmate from one facility to another; Hopkins may choose to pursue this option.

[14]    Because Hopkins fails to present a "extraordinary and compelling" reason to warrant release, the Court need not consider the § 3553(a) factors or whether he poses danger to the safety of any other person or to the community.  *See* 18 U.S.C. § 3582(c)(1)(A); Statement.