UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 11-230(1) (DWF)

          Plaintiff,

v.                                                                                     **ORDER**

Gregory Lamont Hopkins,

          Defendant.


This matter is before the Court on Defendant Gregory Lamont Hopkins's ("Hopkins") second *pro se* motion for reconsideration (Doc. No. 495 ("Sec. Reconsideration")) of the Court's July 8, 2020 Order (Doc. No. 484 ("Denial")) denying his motion for compassionate release in light of the COVID-19 pandemic (Doc. No. 473).[1] The Court denied Hopkins's first motion for reconsideration (Doc. No. 485 ("First Reconsideration")) on July 31, 2020, finding specifically that it was an attempt to relitigate arguments the Court had already considered and rejected.[2] (Doc. No. 487

---

[1] While Hopkins did not file his motion as a request for reconsideration, the Court construes it as such. Hopkins's Sec. Reconsideration references the Denial and includes arguments similar to those in both his initial motion for compassionate release and his first request for reconsideration. (*See* Doc. Nos. 473, 485 (arguing that release was warranted based on respiratory ailments, blood pressure, obesity, and presence of COVID-19 in his facility).)

[2] The Court observed that it previously considered Hopkins's blood pressure, asthma, chronic sinusitis, and body mass index, and found that each condition, alone or in combination, failed to satisfy the demanding standard for compassionate release. (Sec. Denial at 2 n.4 (citing Denial at 5-6).) The Court specifically observed that Hopkins's verifiable conditions were well-controlled and that his facility had taken appropriate measures to mitigate the spread of COVID-19 and to provide effective medical treatment. (*Id.* at 2-3 (citing Denial at 7).)

("Sec. Denial") at 4.)  Notwithstanding, Hopkins now reiterates his argument that compassionate release is warranted based on his respiratory ailments, obesity, blood pressure and presence of COVID-19 at Forrest City Low FCI where he is incarcerated. (Sec. Reconsideration at 1-3; Reply at 1-3.)  The Government opposes Hopkins's second request for reconsideration.[3]  (Doc. No. 497.)  For the reasons discussed below, the Court once again respectfully declines to reconsider its Denial.

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."[4]  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted).  The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances."  *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted).  A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances."  *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.,* 838 F. Supp. 1346, 1348 (D. Minn. 1993).

The Court recognizes Hopkins's belief that he should be released, and that Hopkins disagrees with the Court's previous decisions that his circumstances simply do

---

[3]  The Court also received and considered Hopkins's reply to the Government's opposition.  (Doc. No. 498("Reply").)

[4]  Although motions for reconsideration are not addressed in the Federal Rules of Criminal Procedure, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

2

not satisfy the high bar necessary to warrant compassionate release.  The Court also recognizes that the threat of contracting COVID-19 in a prison setting is very real and does not downplay Hopkins's concerns.[5]  Notwithstanding, the Court once again finds that Hopkins does not provide additional evidence or information that alters the Court's original analysis, and that his request is an attempt to relitigate arguments that the Court has already considered and rejected twice.[6]

Having fully considered Hopkins's submission, the Court concludes that he has failed to demonstrate the "extraordinary circumstances" necessary to warrant reconsideration.  Accordingly, the Court respectfully denies his motion.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Gregory Lamont Hopkins's second *pro se*

---

[5]     Fortunately, the BOP has started to make the COVID-19 vaccine available to staff and inmates who wish to receive it and has already immunized over 31,000 people. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Feb. 2, 2021).

[6]     Hopkins's most recent blood pressure reading of 127/77 (Doc. No. 495-1 at 1) is still below what the CDC considers hypertensive.  *See* Centers for Disease Control and Prevention, High Blood Pressure Symptoms and Causes, *https://www.cdc.gov/bloodpressure/about.htm* (last visited Jan. 21, 2021.)  Moreover, Forrest City Low FCI where Hopkins is incarcerated currently reports 4 inmates and 29 staff who are currently positive for COVID-19, 747 inmates and 4 staff who have recovered, and no inmate or staff deaths from the virus.  Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Feb. 2, 2021). When the Court issued its Denial, the facility reported 27 inmates and one staff person were positive for COVID-19 and 656 inmates and 3 staff persons who had recovered. (Denial at 3 n.6.)  After several months, it is logical that more individuals have contracted COVID-19, however, it remains apparent that the facility has been able to reasonably mitigate the spread of the virus and to provide effective medical care.

4

motion for reconsideration (Doc. No. [495]) of the Court's Order denying his motion for compassionate release is (Doc. Nos. [484]) is respectfully **DENIED**.

Date:  February 3, 2021                             s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    United States District Judge